Fbeeman, J.,
delivered the opinion of the Court.
This suit was brought by defendant in error, as ad-ministratrix of her deceased husband, under sections 2291, 2292, of the Code,* providing in substance, “that the right of action which a person who dies from injuries received from another, or where death is caused by the wrongful act or omission of another, would have had against the wrong-doer, in case death had not ensued, shall' not abate or be extinguished by his death, but shall pass to his personal representatives, for the benefit of his widow or next of kin;” and such action may be instituted by such personal representative; or if he decline, the widow and children of the deceased may sue, &c.
The right of action that survives under this section of the Code, is one for injuries of which the party injured dies — that is, for injuries or wrongs causing his death; and this suit is brought on the assumption that the facts alleged and shown by the proof, caused the death of the husband, in the sense intended by the statute, or as a legal consequence of such acts. The proof shows, in this case, that the deceased did leave his home, and conceal himself for a considerable time in the *237 mountains; was greatly exposed, and endured much suffering, in consequence of the efforts -of parties with whom, perhaps, plaintiff in error was connected; and if the suit had been brought by Woolsey himself for such wrongs, and the injury resulting to him from them, he might well have sustained his action on this proof, and recovered for suffering, annoyance and inconvenience.
But this action must be sustained by proof of wrongs or omissions, causing the death of the party; and we are constrained to say that there is, not only no satisfactory proof in tbe record that any injury done by the plaintiff in error caused the death of Woolsey; but on the contrary, that in a legal view of the proof it is clearly and distinctly shown that his death was caused or resulted from other acts, by other parties, with whom the plaintiff in error had no connection, and in which he had no participation; and we may add, that the acts of the other parties referred to were brought on, induced and caused by the voluntary act of said Woolsey himself in assuming the character and responsibilities of a soldier of the United States.
The rule of law is familiar, that seems to have been in many cases of this character entirely ignored, that damages, to be recovered, must be the natural and proximate consequence of the act complained of. Mr. Green-leaf lays down in Volume IT. of his work on Evidence, § 268, “that, in proof of damages, both parties must be confined to the principal transaction complained of and to its attendant circumstances and natural results.” In view of these well settled principles, and the plain language of the Code, the verdict of the jury could not *238 be sustained, even under tlie most liberal rule in favor of their finding on the facts.
It is clearly shown that the plaintiff below enlisted as a Federal soldier; had, in connection with a party of such soldiers, and under the orders of his commanding officer, started through the Confederate lines into Kentucky; that he was captured, and that, by a Confederate command, with which this plaintiff in error had no connection; of which, perhaps, he had at the time, never heard. In being captured, he simply shared the fate of the soldier, and having assumed its duties, its responsibilities and dangers must be presumed to have been contemplated by him. So that it may, with much more force, be said that his death was caused by his own act, in enlisting as a soldier, than by the act of the plaintiff in error, in attempting to arrest him, or compelling him to remain from home. This act of his was a more proximate and immediate cause of his death, than the acts of plaintiff in error, as shown in this record.
We need not discuss this question at length. It is clear the Code intended to give the action to recover damages for an act or omission of a party which caused the death of another. The acts of the plaintiff in error, caused, in no legal or legitimate sense, any thing further in this case than the absenting of Woolsey from his home; and his exposure and suffering in consequence of such absence is all that can be fairly predicated of them. That these acts caused his death, no man can affirm, we think, in any legitimate or legal sense; or that his death, under the circumstances of this case, in *239 prison as a captured soldier, gave any cause of action for his death, upon any fair construction of the statute, to his administrator or -widow, or next of'kin, we think,' can not he maintained, except by doing violence, not only to the plain language of the law, but to common sense and justice.
Let the case be reversed, and remanded for another trial.

 Act of 1851, ch. 17.